IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-41093

Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIONEL D. TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC # 96-CR-3-1

_____

August 8, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Lionel D. Turner appeals the district court's refusal to grant a downward departure from the sentencing guidelines in his sentences for bank robbery and using a firearm during the commission of a violent crime. We do not have jurisdiction to review the matter unless the district court mistakenly believed that it did not have the legal authority to depart from the guidelines. United States v. Leonard, 61 F.3d 1181, 1185 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1995); <u>United States v. DiMarco</u>, 46 F.3d 476, 477 (5th Cir. 1995) (per curiam).

In its colloquy with the defendant, the district court indicated that, so long as the defendant was competent to enter a plea, evidence of an injury to his head as a minor would be irrelevant to the determination of his sentence. "[H]ow is the fact that he may or may not have had brain lesions relevant to sentencing," the district court asked, "if all I can address is conduct . . . ?"

We do not read the district court's remarks, taken as a whole, to reflect the view that the law prohibits a downward departure for defendants suffering from brain injuries. The district court stated at sentencing that his position was based on a "philosophical standpoint," not on a rule in the sentencing guidelines. The court explained that, with or without a brain injury, Turner still had a "propensity for violence" and that incarceration would not prevent him from receiving any necessary medical treatment. The court recognized that its decision to deny downward departure was an exercise of discretion rather than a result absolutely mandated by law. Consequently, we do not have jurisdiction over the district court's ruling.

Turner also appeals the district court's denial of its motion for a continuance to prepare a report on Turner's head injury. In light of our holding above, we find no abuse of discretion and affirm the district court's ruling.

AFFIRMED.